IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRYAN LAMAR,** | ) |
| Plaintiff, | ) |
| v. | ) Civil No. **08-02-MJR-CJP** |
| **OFFICER J.B. HAMMEL, et al.,** | ) |
| Defendants. | ) |

## ORDER

**PROUD, U.S. Magistrate Judge:**

Before the Court is plaintiff Bryan Lamar's ex parte, "emergency" motion to compel defendant Jackson County to release the names of the officers and employees who came into contact with plaintiff on February 12-13, 2006 or, in the alternative, the attendance sheets, work logs and any and all other documents that would identify the those who came in contact with plaintiff and/or were working at the Jackson County holding facility from 3:00 p.m. on February 12, 2006, to 12:00 p.m. on February 13, 2006. **(Doc. 10).** The subject motion was filed at 4:30 p.m. on Friday, February 8, 2008. The statute of limitations period is about to run out, so plaintiff requests the requested information be provided by no later than 3:00 p.m. on Monday, February 11, 2008— today.

A review of the record reveals that this civil rights action was initiated January 3, 2008. **(Doc. 1).** The City of Carbondale and four police officers were named as defendants and all claims pertained to an alleged false arrest and use of excessive force. On February 5, 2008– apparently before service was effected upon any of the original defendants– plaintiff filed an amended complaint adding an additional police officer, Jackson County and "unknown Jackson

1

County officers" as defendants. **(Doc. 7).** In relevant part, the amended complaint alleges that the Jackson County officers used excessive force against plaintiff. The Jackson County officers are not named in the false arrest claim, but oddly they are included in an overarching conspiracy claim that appears to encompass both the false arrest claim and the excessive force claim.

Without deciding whether plaintiff has complied with *Bell Atlantic Corp. v. Twombly*, \_\_\_U.S.\_\_\_, 127 S.Ct. 1955, 1964 (2007), it is observed that the complaint and amended complaint are "thin," in that only the names of the defendants– some of which are unknown– the date of the events at issue and the legal claim are set forth. Plaintiff's motion reveals:

> On February 12, 2006, Plaintiff was arrested by City of Carbondale police officers and transported to the holding facility in Jackson County. During his stay at the Jackson County holding facility, Plaintiff suffered injury at the hands of officers for the City of Carbondale and Jackson County."

**(Doc. 10, p. 1).**

The subject motion was filed three days after amendment of the complaint, apparently before service was effected upon any of the defendants, or at least before any of the defendants entered an appearance in this action. As previously noted, the motion is ex parte. However, correspondence attached to the motion reflects plaintiff's counsel has attempted to informally obtain the requested information from the City Attorney for Carbondale, who indicated the defense would be handled by outside counsel, outside counsel for the City, and the Jackson County States Attorney's Office, which indicated an insurance defense firm would represent the County. **(Docs. 10-2 and 10-3).**

Plaintiff premises his emergency motion to compel on Federal Rule of Civil Procedure 37. Although Rule 37 pertains to compelling discovery, that rule is clearly inapplicable to this situation, as it requires notice to all parties and affected persons, and a failed, formal discovery

2

request. The Federal Rules of Civil Procedure do not specifically provide for discovery in the aid of pleading. ***Alston v. Parker*, 363 F.3d 229, 236 (3rd Cir. 2004).** In fact, Rule 26(d)(1) states that a party may not seek discovery from any source before the Rule 26(f) discovery conference. Nevertheless, Rule 26(f) provides that the general prohibition may be overcome by court order, and the Courts broad power over discovery has been found sufficient to permit authorization of discovery before a Rule 26(f) conference in order to aid in the identification of unknown defendants. **See Fed.R.Civ.P. 26(b)(2) and *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).** Therefore, the Court does have authority to entertain plaintiff's motion.

In *Gillespie v. Civiletti*, 629 F.2d 637(9th Cir. 1980), a pro se plaintiff's complaint was dismissed in its entirety, even though there was a pending discovery request that could have lead to discovery of the identities of "John Doe" defendants, who could possibly have fallen outside the dispositive ruling. The Court of Appeals for the Third Circuit stated, " the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." ***Id*. at 642.** In *Gillespie*, some defendants had entered their appearances in the case, and formal discovery was underway; moreover, there was no mention of a looming statute of limitations deadline. Still, this Court recognizes that a consequence of the Rule 8 notice pleading standard is that names, facts and details must be flushed out via discovery. **See *Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002).**

*Ortiz-Rivera v. Municipal Government of Toa Alta*, 214 F.R.D. 51 (D. Puerto Rico 2003), presented a situation where the summons and complaint had not been served, but the plaintiff took a deposition without authorization of the district court. That court observed that, while the

3

court has discretion to permit discovery outside the timing prescribed by Rule 26(d)(1), "only the most obviously compelling reasons are sufficient to justify a departure from the rule. ***Ortiz-Rivera*, 214 F.R.D. at 54.** No such reasons were found in that instance.

Recently, in *Vance v. Rumsfeld*, No. 06-C-6964, 2007 WL 4557812 (N.D. Ill. Dec. 21, 2007), before any defendants had entered the case, the plaintiffs asked U.S. District Judge Milton I. Shadur for leave to conduct expedited discovery to identify unknown defendants. The case pertained to allegations of unconstitutional actions by United States government and/or military personnel and/or contractors in Iraq. The United States entered a special appearance at a hearing on the motion. At that juncture, there was more than one year left before the statute of limitations period would lapse, but Judge Shadur had concerns that the period would lapse before formal discovery got underway and permitted discovery aimed at identifying the unknown defendants. *Id* **at \*3.** Initial efforts failed to obtain the information and the government estimated another 60 days would be needed, and the government later balked at the whole arrangement. A subsequent motion for expedited, limited discovery was directed to U.S. Magistrate Judge Arlander Keys; at that juncture approximately six months remained before the limitations period was set to run out. *Id* **at \*4.** The government questioned whether plaintiffs had met their burden of showing that expedited discovery was warranted, and further asserted that difficulties conducting discovery in a war zone outweighed plaintiff's statute of limitations concerns. Judge Keys granted leave to conduct expedited discovery, noting that the government had never denied it possessed the information needed and had previously projected that only 60 days would be needed to secure that information. *Id* **at \*4-\*6.**

There is no set test or criteria for deciding whether early discovery is warranted, but

certainly fairness to all concerned must be a paramount concern.  *See Merrill Lynch, Pierce, Fenner & Smithh v. O'Connor*, 194 F,R.D. 618 (N.D. Ill. 2000) (declining to adopt the test used in *Notaro v. Koch*, 95 F.R.D. 403 (S.D. N.Y. 1982), which employed criteria similar to that used for a temporary restraining order, and requiring a causal connection between expedited discovery and the avoidance of irreparable harm).  This Court, as in *Gillespie v. Civiletti*, and like Judges Shadur and Keys in *Vance v. Rumsfeld*, will rely on considerations of need and fairness.    The situation at bar has an urgency that not present in the aforementioned cases.  A ruling on this motion, investigation and production of the requested information must all occur within a span of approximately seven hours.  Plaintiff based the motion on a clearly inapplicable procedural rule, failed to offer any other legal authority and offered no indication regarding the feasibility of his request.   Consequently, the Court has had to waste needless hours between 4:30 p.m. Friday, February 8th  and 8:00 a.m. Monday, February 11, 2008, researching this extremely unusual situation.

Based on the limitations period alone, the need is apparent, although the relation-back provisions of Rule 15 could *possibly* permit the late addition of defendants whose identities are not learned until after the limitations period has ended.

Plaintiff's need may be clear, but considerations of fairness and practicality are compelling.  No defendant has entered an appearance, and service of the complaint appears to have not even been completed.  The information is sought from a governmental entity, and there is no suggestion that the information sought is readily obtainable.  When time is obviously this crucial, it would have behooved plaintiff to have filed the subject motion on February 5, 2008, when the amended complaint was filed.

5

The discovery request, as phrased in the motion is overly broad and ambiguous. As previously noted, the amended complaint and the motion present somewhat conflicting factual scenarios. Neither the complaint, nor the amended complaint, nor the motion so much as sketch out what allegedly occurred. The notice pleading standard may save a vague complaint, but it is axiomatic that a discovery request cannot cast such an amorphous and broad net. How can Jackson County be expected to quickly respond to plaintiff's request to name the officers and employees "who came in contact with plaintiff" when it is unknown what allegedly occurred, and without a fair amount of inquiry? Plaintiff's alternate request for the "attendance sheets, work logs and *any and all other documents*" that would identify the those who were working at the Jackson County holding facility is overly broad and burdensome. If the Court were to sua sponte narrow the request to just attendance records the search would perhaps be more feasible, but one must still question how Jackson County will identify who was (or appears to have been) involved in the incident at issue.[1] Plaintiff is asking for too much in far too short a time period. Unfortunately, this scenario illustrates one of the purposes for the limitations period— to encourage diligence in the bringing of actions. ***See Schweihs v. Burdick*, 96 F.3d 917, 920 (7th Cir. 1996).** Plaintiff has not indicated that he was in any way impeded in filing this action earlier during the two years that have passed since the incident at issue.

---

[1] *See* Federal Rule of Civil Procedure 11(b).

**IT IS THEREFORE ORDERED** that plaintiff Lamar's ex parte "Emergency Motion to Compel" **(Doc. 10)** is **DENIED**.

**DATED: February 11, 2008**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
